# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DASNIER BAREA LEYVA,

    Petitioner,

v.

MELISSA ORTIZ, Acting Warden of Torrance County Detention Center; MARY DE ANDA-YBARRA, ICE District Director, Otero, New Mexico; KRISTI NOEM, in her capacity as Secretary of Homeland Security; and PAM BONDI, in her capacity as Attorney General of the United States,

    Respondents.

1:26-cv-00200-MIS-JMR

## ORDER VACATING ORDER OF REFERENCE AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Dasnier Barea Leyva's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 2, filed January 30, 2026. The same day, the Clerk's Office served Respondents with the Petition, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4.

Also on January 30, 2026, the Court issued an Order to Show Cause, ECF No. 5, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days. Id. at 1.

Also on January 30, 2026, the Court issued an Order referring this case to United States Magistrate Judge Jennifer M. Rozzoni ("Order of Reference"). ECF No. 6. The Order of Reference is hereby **VACATED**.

The deadline to respond to the Petition and Order to Show Cause was February 13, 2026. No Respondent filed a timely response to the Petition or the Order to Show Cause. Thus, on February 17, 2026, Judge Rozzoni issued an Order to Show Cause for Failure to Respond requiring Respondents to show cause by February 24, 2026 for their failure to respond to the Petition and why the Petition should not be summarily granted. ECF No. 13 at 1-2.

On February 17, 2026, the Federal Respondents filed a Response to the Petition. ECF No. 14. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Resp. at 2. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's

continued detention and therefore orders his immediate release. <u>See generally</u> Resp., ECF No. 14. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Therefore, it is **HEREBY ORDERED** that:

1. The Order of Reference, ECF No. 6, is **VACATED**;

2. The Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;

3. Respondents are **ORDERED** to immediately release Petitioner Dasnier Barea Leyva from custody/detention;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. Counsel for Federal Respondents is **ORDERED** to provide a copy of this order to Counsel for the Warden of the Torrance County Detention Center forthwith; and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE